UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 00-6147-CR-FERGUSON

UNITED STATES OF AMERICA,      :

    Plaintiff,                    :

vs.                            :

EVERALD K. DICKS,              :

    Defendant.                    :
_____/



## MOTION TO COMPEL DISCOVERY
## AND INCORPORATED MEMORANDUM OF LAW

Defendant, Everald K. Dicks, hereby moves the Court for an Order to Compel Discovery. This motion is made pursuant Federal Rule of Criminal Procedure 16, *Brady v. Maryland*, 373 U.S. 83 (1963), and this Court's Standing Discovery Order. It is respectfully requested that this Court order the government and its agencies to disclose the following information relating to records searches by the Immigration and Naturalization Service, which the government intends to rely upon at trial:

    (1)    The procedures, protocols, and methodology for conducting automated and nonautomated searches of INS records for the issuance of a Certificate of the Nonexistence of Records;

    (2)    The nature and volume of documents, items, and information searched in Mr. Dicks' case;

    (3)    The person or persons conducting the records searches in Mr.



Dicks' case;

(4) The quality control and auditing procedures in place to ensure accuracy of the records searches; the name of the person or company monitoring quality control, auditing, and accuracy; and whether that entity is independent, in-house, or affiliated with the government;

(5) The error rate for automated and nonautomated searches.

In support of this motion the defendant states as follows:

1. Defendant, Everald K. Dicks is charged in a single-count indictment of being an illegal alien found in the United States after deportation, in violation of 8 U.S.C. 1326 (a) and (b)(2). On March 6, 2002, the Court issued a Standing Discovery Order. On March 11, 2002, counsel for the parties spoke by phone, and defense counsel requested discovery. On March 12, 2002, the government disclosed eighty one pages of pretrial discovery, including portions of Mr. Dicks' INS file, knows as the A-File. The discovery packet included a deportation warrant, Mr. Dicks' criminal history, and a Certificate of Nonexistence of Record.

2. The Certificate of Nonexistence of Record asserts that a "diligent search" of automated and nonautomated records was conducted, and that there is no record of an application for permission by Mr. Dicks to reenter the United States.

3. On March 15, 2002, defense counsel made a written request for information pertaining to the accuracy and reliability of the automated and nonautomated record search allegedly done as the basis for the Certificate of Nonexistence of Record. On March 18, 2002, the government declined to disclose the information. Accordingly, defendant Everald Dicks seeks an Order from the Court compelling the government to disclose the requested information.

2

4.  The information sought by Mr. Dicks is crucial to challenging the foundation, admissibility, and weight of evidence the government will offer to prove an element of the alleged offense. Moreover, the information is in the government's possession, readily available, and is not unduly burdensome to produce.

## MEMORANDUM OF LAW

Rule 16 of the Federal Rules of Criminal Procedure requires the government to disclose books, papers, and documents "which are within the possession, custody or control of the government, and which are material to the preparation of the defendant's defense or are intended for use by the government, as evidence in chief at the trial..." FRCP 16 (a)(1)(C).

In the present case, the government intends to rely upon a Certificate of Nonexistence of Records to prove that Mr. Dicks reentered the United States after deportation without permission from the Attorney General. While hearsay evidence such as this certificate may be admissible evidence[1], it should be tested for reliability for two reasons; to permit the Court to make an informed decision about its admissibility, and second, to enable the jury to make an informed decision about how much weight such evidence deserves.

The absence of effective procedures and quality control for searching voluminous INS data bases are exculpatory evidence and must be disclosed pursuant to *Brady v. Maryland*, 373 U.S. 83 (1963). By withholding this information the government unjustifiably impairs Mr. Dicks' due process right to prepare his defense, challenge the government's proof, and present exculpatory evidence to the jury. Defendant's request in this case is similar to information routinely produced about crime labs and forensic analyses. Juries often consider lab procedures, quality control, and

---

[1] A Certificate of Nonexistence of Records may be admissible pursuant to FRE 803(10), Absence of Public Record or Entry.

error rate to determine the weight of scientific and forensic conclusions. Mr. Dicks' jury should be given the same information to make an informed decision about the records search conducted by the Immigration and Naturalization Service.

WHEREFORE, defendant respectfully requests that the Court grant this motion and order the government to disclose the information underlying its Certificate of the Nonexistence of Records.

Respectfully submitted,

KATHLEEN M. WILLIAMS
FEDERAL PUBLIC DEFENDER

By: /s/ Neison M. Marks
Neison M. Marks
Assistant Federal Public Defender
Court Assigned No. A5500635
Attorney for Defendant
One East Broward Blvd., Suite 1100
Fort Lauderdale, Florida 33301
(954) 356-7436 / (Fax) 356-7556

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was mailed on this /9 day of March, 2002 to Lynn Rosenthal, Esquire, United States Attorney's Office, 299 East Broward Blvd., Fort Lauderdale, Florida 33301.

/s/ Neison M. Marks
Neison M. Marks

S:\Marks\Dicks\Discovery.01.wpd