UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 00-6147-CR-FERGUSON

UNITED STATES OF AMERICA,   :

    Plaintiff,   :

vs.   :

EVERALD K. DICKS,   :

    Defendant.   :
_____/

**NIGHT BOX FILED**

MAR 28 2002

CLARENCE MADDOX
CLERK, USDC / SDFL / FTL

## MOTION TO COMPEL DISCOVERY
## AND INCORPORATED MEMORANDUM OF LAW

    Defendant, Everald K. Dicks, hereby moves the Court for an Order to Compel Discovery. This motion is made pursuant Federal Rule of Criminal Procedure 16, Brady v. Maryland, 373 U.S. 83 (1963), and this Court's Standing Discovery Order. It is respectfully requested that this Court order the government and its agencies to disclose all tape recordings and transcripts of defendant's deportation hearing pertaining to his alleged deportation on or about December 8, 1995.

    In support of this motion the defendant states as follows:

    1.    Defendant, Everald K. Dicks is charged in a single-count indictment of being an illegal alien found in the United States after deportation, in violation of 8 U.S.C. 1326 (a) and (b)(2). On March 6, 2002, the Court issued a Standing Discovery Order. On March 11, 2002, counsel for the parties spoke by phone, and defense counsel requested discovery. On March 12, 2002, the government disclosed eighty one pages of pretrial discovery, including portions of Mr. Dicks' INS file, knows as the A-File. The discovery packet did not include any tapes or transcripts of Mr.

Dicks' deportation hearing from his alleged deportation in December 1995.

2.   Defendant has made two written discovery requests for the deportation tape, dated March 15, 2002, and March 21, 2002, attached hereto as Exhibits 1 and 2. The government has declined to produce the tape of the deportation hearing.

3.   On March 22, 2002, defense investigator Sally Perez contacted the INS and the Border Patrol in an effort to obtain the deportation tape. Ms. Perez was unable to obtain the tape.

4.   A tape or transcript of the deportation hearing is necessary for a complete and thorough defense investigation. Mr. Dicks has only one alleged deportation, and the information he seeks is relevant to challenging this element of the offense. On information and belief, a tape or transcript of the deportation hearing will reveal defects in the proceeding that will preclude the government from relying on that deportation in prosecuting this case. It is believed that Mr. Dicks was not informed of all of his rights and that he suffered prejudice as a result, namely, that Mr. Dicks was deprived of remedies and alternatives to deportation.

5.   Defendant is contemplating a pretrial motion to determine the legality of Mr. Dicks' deportation. A tape of the deportation hearing is necessary, (a) for an immigration expert to give a well-founded opinion on defects in the proceeding and prejudice to Mr. Dicks, (b) for the defense to determine if there is an evidentiary basis supporting a pretrial challenge to the deportation, and (c) for Mr. Dicks to make an informed decision about how to proceed with his case.

6.   Finally, defendant asserts that a tape of the deportation hearing is subject to pretrial disclosure pursuant to Rule 16 of the Federal Rules of Criminal Procedure, and <u>Brady v. Maryland</u>. The tape is in the possession of the government; it contains an event that constitutes an element of the offense; it contains relevant statements by the defendant; it is likely to provide an evidentiary basis for a pretrial challenge to the charged offense; and the production of a single tape is not unduly

burdensome on the government.

## MEMORANDUM OF LAW

Rule 16 of the Federal Rules of Criminal Procedure requires the government to disclose books, papers, and documents "which are within the possession, custody or control of the government, and which are **material to the preparation of the defendant's defense** or are intended for use by the government, as evidence in chief at the trial..." FRCP 16 (a)(1)(C) ( emphasis added).

The United States Supreme Court has held that in a prosecution under 8 U.S.C. § 1326, a defendant may collaterally attack the legality of the prior deportation. United States v. Holland, 876 F.2d 1533, 1535 (11th Cir. 1989); United States v. Mendoza-Lopez, 481 U.S. 828, 836, 107 S.Ct. 2148, 2154 (1987). The defendant must show that he was deprived of judicial review of the proceeding and that the proceeding was fundamentally unfair. United States v. Holland, 876 F.2d at 1536. "[F]undamental unfairness requires a showing that specific errors prejudiced the defendant. The prejudice need not rise to the level of showing that the defendant would not have been deported, but rather, that the errors might have affected the outcome of the hearing." Id. at 1536.

In Holland, the Eleventh Circuit cited two examples of prejudice that are identical to prejudice suffered by Mr. Dicks: There was a failure to contact his consul, which precluded him from applying for voluntary departure rather than deportation; and, a failure to tell Mr. Dicks of his right to counsel prejudiced him in "untangling a confusing maze of state and federal law." Id.

It is contrary to the interests of justice for the government to suppress the tape of Mr. Dicks' deportation hearing. The rules of discovery encourage disclosure, not suppression. Mr. Dicks is facing a term of years in prison, and should be permitted to examine the evidence and develop his defense. The interests of justice far outweigh the government's grasp at tactical advantage by withholding readily available, relevant information.

WHEREFORE, defendant respectfully urges the Court to order the government to produce a copy of the tape and transcript of Mr. Dicks' deportation hearing which occurred on or about December 8, 1995.

Respectfully submitted,

KATHLEEN M. WILLIAMS
FEDERAL PUBLIC DEFENDER

By: _____
Neison M. Marks
Assistant Federal Public Defender
Court Assigned No. A5500635
Attorney for Defendant
One East Broward Blvd., Suite 1100
Fort Lauderdale, Florida 33301
(954) 356-7436 / (Fax) 356-7556

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was mailed on this 29th day of March, 2002 to Lynn Rosenthal, Esquire, United States Attorney's Office, 299 East Broward Blvd., Fort Lauderdale, Florida 33301.

_____
Neison M. Marks

S:\Marks\Dicks\Discry2.mtn.wpd

**FEDERAL PUBLIC DEFENDER**
Southern District of Florida

**Kathleen M. Williams**
Federal Public Defender

Location: __Fort Lauderdale__

**Reuben Camper Cahn**
Chief Assistant Federal Public Defender

Miami:

Stewart G. Abrams
Mary R. Barzee
Ricardo J. Bascuas
Henry P. Bell
Miguel Caridad
Michael Caruso
Timothy Cone
Chantel R. Doakes
Orlando do Campo
Daniel L. Ecarius
Vincent P. Farina
Hector L. Flores
Margaret Y. Foldes
Peter J. Fucci
Aya Gruber
Luis I. Guerra
Krista A. Halla
Celeste Siblesz Higgins
Richard C. Klugh, Jr.
Paul M. Korchin
Richard J. Lautenbach
Anne Lyons
T. Omar Malone
Joaquin Mendez
Faith Mesnekoff
Teresa M. Miguel
Paul M. Rashkind
Jacqueline E. Shapiro
William L. Thomas
Helen C. Trainor
John W. Wylie

Ft. Lauderdale:

Janice Bergmann
Robert N. Berube
Brenda G. Bryn
Timothy M. Day
Robin Farnsworth
Patrick M. Hunt
Bernardo Lopez
Neison M. Marks
Samuel J. Smargon
Daryl E. Wilcox

West Palm Beach:

Robert E. Adler
Lori E. Barrist
Martin J. Bidwill
Peter Birch
Dave Lee Brannon
Robin C. Rosen-Evans

Ft. Pierce:

Leon Daniel Watts

March 15, 2002

Lynn Rosenthal, Esquire
United States Attorney's Office
299 E. Broward Blvd.
Fort Lauderdale, Florida 33301

Re:  United States v. Everald Dicks
     Case no. 00-6147-Cr-Ferguson

Dear Ms. Rosenthal:

I enjoyed meeting you in our phone conversation on March 11, and received the discovery you sent, pages 1 through 81. Thank you. Based on our discussion and my review of discovery, I am requesting the following discovery:

(a) Tape of Deportation Hearing. It appears that Mr. Dicks has only one prior deportation. A defective deportation hearing and waiver of rights resulting in prejudice constitute a defense to the charge, and therefore, must be examined. In response to my telephonic request you advised me to subpoena the tape. I will do so, but in my experience the INS produces deportation hearing tapes much quicker when requested by the Assistant U.S. Attorney or the case agent prosecuting an immigration case. With a shared interest in avoiding unnecessary delay, and as a courtesy to the Court, I hope you will produce the deportation tape. As a final point on this matter, I believe the government is obligated to provide the deportation tape pursuant to FRCP 16(a)(1)(A): Upon request of a defendant the government must disclose to the defendant and make available for inspection, copying, or photographing: any relevant written or recorded statements made by the defendant... within the possession, custody, or control of the government, the existence of which is known, or by the exercise of due diligence may become known, to the attorney for the government.

**Exhibit 1**

| Miami | Ft. Lauderdale | West Palm Beach | Ft. Pierce |
| --- | --- | --- | --- |
| 150 West Flagler Street | One East Broward Boulevard | 400 Australian Avenue North | 200 South Indian River Drive |
| Suite 1500 | Suite 1100 | Suite 300 | Suite 207 |
| Miami, FL 33130-1555 | Ft. Lauderdale, FL 33301 | West Palm Beach, FL 33401-5040 | Ft. Pierce, FL 34950 |
| Tel: (305) 536-6900 | Tel: (954) 356-7436 | Tel: (561) 833-6288 | Tel: (561) 461-9435 |
| Fax: (305) 530-7120 | Fax: (954) 356-7556 | Fax: (561) 833-0368 | Fax: (561) 461-9474 |

Ms. Rosenthal
March 15, 2002
page two

    (b)    Any other written, recorded, or oral statements by Mr. Dicks relating to his alienage or entry into the United States.

    (c)    Proof that the Deportation Warrant (discovery p.40) was actually carried out, and that Mr. Dicks was transported from the United States.

    (d)    The Certificate of Non-Existence of Records (discovery pp.44-45) states that a "diligent search" was done of "automated and nonautomated records systems." Regarding both, the search and the records systems please disclose:

        (1)    The procedures, protocols, and methodology for conducting automated and nonautomated searches;

        (2)    The volume of documents, items, and information searched;

        (3)    The person or persons conducting the searches in Mr. Dicks' case;

        (4)    The quality control and auditing procedures in place to ensure accuracy of the records searches. Please include the name of the person or company monitoring quality control, auditing, and accuracy, and whether that entity is independent, in-house, or affiliated with the government;

        (5)    The error rate for automated and nonautomated searches.

Please let me know if there are any items you are unwilling or unable to provide. With your cooperation I am hopeful that we can reach a speedy resolution of the case. I can be reached at 954-356-7436, ext. 126.

            Sincerely,

            *Neison M. Marks*
            Neison M. Marks
            Assistant Federal Public Defender

NMM/

S:\Marks\Dicks\AUSA.01.wpd

# FEDERAL PUBLIC DEFENDER
Southern District of Florida

**Kathleen M. Williams**
Federal Public Defender

Location:  Fort Lauderdale

**Reuben Camper Cahn**
Chief Assistant Federal Public Defender

Miami:

Stewart G. Abrams
Mary R. Barzee
Ricardo J. Bascuas
Henry P. Bell
Miguel Caridad
Michael Caruso
Timothy Cone
Chantel R. Doakes
Orlando do Campo
Daniel L. Ecarius
Vincent P. Farina
Hector L. Flores
Margaret Y. Foldes
Peter J. Fucci
Aya Gruber
Luis I. Guerra
Krista A. Halla
Celeste Siblesz Higgins
Richard C. Klugh, Jr.
Paul M. Korchin
Richard J. Lautenbach
Anne Lyons
T. Omar Malone
Joaquin Mendez
Faith Mesnekoff
Teresa M. Miguel
Paul M. Rashkind
Jacqueline E. Shapiro
William L. Thomas
Helen C. Trainor
John W. Wylie

Ft. Lauderdale:

Janice Bergmann
Robert N. Berube
Brenda G. Bryn
Timothy M. Day
Robin Farnsworth
Patrick M. Hunt
Bernardo Lopez
Neison M. Marks
Samuel J. Smargon
Daryl E. Wilcox

West Palm Beach:

Robert E. Adler
Lori E. Barrist
Martin J. Bidwill
Peter Birch
Dave Lee Brannon
Robin C. Rosen-Evans

Ft. Pierce:

Leon Daniel Watts

March 21, 2002

Lynn Rosenthal, Esquire
United States Attorney's Office
299 E. Broward Blvd.
Fort Lauderdale, Florida  33301

**Via Facsimile & Interagency Mail**

Re:  United States v. Everald Dicks
     Case no. 00-6147-Cr-Ferguson

Dear Ms. Rosenthal:

    Thank you for referring me yesterday to <u>United States v. Holland</u> and <u>United States v. Mendoza-Lopez</u>. My reading of those cases may differ somewhat from yours, as I see them permitting a challenge to the underlying deportation to determine if rights were violated and if those violations resulted in prejudice. I still believe that the government should produce the deportation tape pursuant to Rule 16, <u>Brady</u>, and the Court's Standing Discovery Order. Doing so permits me to carry out my responsibilities in the most efficient manner and satisfies what I believe is the government's duty of disclosure. With that in mind, I renew my request for the tape of the deportation hearing.

    I would also like to address some of the points we talked about in our phone conversation yesterday. You seemed concerned that my discovery motion focused on the bases of the records search rather than on the deportation tape, and that I may surprise you in some way with the tape. I know that I am new here, but please be assured that if I decide to use a tape or other document as evidence, I will do so only in compliance with the rules of reciprocal discovery. I too, have a concern regarding your question about whether I would object if the government decides to use the tape at some point in this case. I believe that the government's ability to use the tape as evidence is directly linked to its discovery obligations. Accordingly, if the government intends to use the tape at trial, sentencing, or in any other proceeding, it should be produced as discovery, and I would certainly raise an objection in the absence of discovery.

**Exhibit 2**

| Miami | Ft. Lauderdale | West Palm Beach | Ft. Pierce |
|---|---|---|---|
| 150 West Flagler Street | One East Broward Boulevard | 400 Australian Avenue North | 200 South Indian River Drive |
| Suite 1500 | Suite 1100 | Suite 300 | Suite 207 |
| Miami, FL 33130-1555 | Ft. Lauderdale, FL 33301 | West Palm Beach, FL 33401-5040 | Ft. Pierce, FL 34950 |
| Tel: (305) 536-6900 | Tel: (954) 356-7436 | Tel: (561) 833-6288 | Tel: (561) 461-9435 |
| Fax: (305) 530-7120 | Fax: (954) 356-7556 | Fax: (561) 833-0368 | Fax: (561) 461-9474 |

Ms. Rosenthal
March 21, 2002
page two

      As a final note, I think producing the tape is a relatively small task for the government in light of the years of prison at stake for the defendant. We all share an interest in carrying out the administration of justice with the highest level of certainty. I hope we can agree that disclosing the tape does much to satisfy this common interest.

      Thank you again for the professional and friendly help you have given in response to my questions. The procedures are new to me and a bit unnerving, and your explanations of procedure are greatly appreciated.

                                    Sincerely,

                                    Neison M. Marks
                                  Assistant Federal Public Defender

NMM/

S:\Marks\Dicks\AUSA.02.wpd