UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 00-6147-CR-FERGUSON

UNITED STATES OF AMERICA,  :

       Plaintiff,  :

vs.  :

EVERALD K. DICKS,  :

       Defendant.  :
_____/

## SENTENCING MEMORANDUM

Defendant Everald K. Dicks, through counsel, hereby makes the following objections to the Presentence Report:

    A.    ¶ 10 & 18, Acceptance of Responsibility: Defendant asserts that a 2-level reduction for acceptance of responsibility is warranted;

    B.    ¶ 21, 22, 24, Criminal History Points and Criminal History Category;

    C.    ¶ 75, Factors That May Warrant A Departure: Defendant asserts that a downward departure is warranted based on imperfect necessity; lesser harm; and cultural assimilation;

    D.    ¶ 68, Concurrent Sentencing pursuant to § 5G1.3(c): Defendant asserts that the sentence for the instant offense should run concurrent with the state sentence defendant is presently serving.



## FACTUAL BACKGROUND

Everald Dicks came to the United States in an effort to save his own life. He suffered from advanced stages of a terminal illness, AIDS, and the medical treatment he obtained in Jamaica was ineffective. Mr. Dicks was weakened from severe weight loss, rashes, and infections, and was told by his doctor that he had approximately six months to live.

Although Mr. Dicks was previously deported to Jamaica, he had spent his adolescence and most of his adult years in the United States. His mother brought him to the United States when he was fourteen years old. Mr. Dicks graduated from North Miami Beach High School, and attended college in the United States. His mother, father, brothers, and sisters all live in the United States. Mr. Dicks was fully engaged in American culture, education, and family life, and had no meaningful relationship or ties to his native country, Jamaica.. Mr. Dicks is the father of four children that are all United States citizens.

Mr. Dicks learned of an experimental AIDS treatment program taking place at Harlem Hospital. He came to the United States and was admitted to the program. The new treatment was dramatically successful and put his illness into remission.

Mr. Dicks was found guilty by a jury of illegal re-entry into the United States. He proceeded to trial intending to present a defense of necessity: His re-entry into the United States was a life-saving medical necessity to obtain treatment that was unavailable in Jamaica. After jury selection the Court precluded the necessity defense. The case was submitted to the jury with stipulations by Mr. Dicks to his Jamaican alienage and citizenship, his prior deportation, and his prior convictions. The government proved the absence of permission to re-enter the United States with a self-

authenticating Certificate of Non-Existence of Records produced by the Immigration and Naturalization Service. Mr. Dicks did not testify, and did not call defense witnesses during the trial.

## ARGUMENT

A. The Circumstances of the Case Warrant a 2-level Reduction For Acceptance of Responsibility.

Section 3E1.1(a) of the Sentencing Guidelines provides for a 2-level reduction of the offense level for a defendant who clearly demonstrates acceptance of responsibility. This reduction does not apply to a defendant "who puts the government to its burden of proof at trial by denying the essential factual elements of guilt..." and only after conviction admits guilt and expresses remorse.

The Presentence Report does not apply this reduction because Mr. Dicks had a jury trial. The Court should decline to follow this recommendation because it does not reflect the circumstances surrounding Mr. Dicks' decision to have a trial or the manner in which he conducted his case.

The Sentencing Guidelines recognize that:

> In rare situations a defendant may clearly demonstrate an acceptance of responsibility for his criminal conduct even though he exercises his constitutional right to a trial. This may occur, for example, where a defendant goes to trial to assert and preserve issues that do not relate to factual guilt... In each such instance, however, a determination that a defendant has accepted responsibility will be based primarily upon pre-trial statements and conduct.

U.S.S.G. § 3E1.1, App.n.2.

Mr. Dicks did not contest factual guilt at trial. Rather, he stipulated to being an alien entering the United States after deportation, and he stipulated to his criminal convictions. Mr. Dicks did not testify at trial or deny guilt, and did not call witnesses to contest or deny guilt. Mr. Dicks proceeded

to trial to assert and preserve issues pertaining to his precluded defense of necessity. Exercising the right to trial in these circumstances is in accord with Application Note 2, which permits credit for acceptance of responsibility after a trial where the defendant does not deny the essential elements of guilt.

Application Note 5 acknowledges that "the sentencing judge is in a unique position to evaluate a defendant's acceptance of responsibility. For this reason, the determination of the sentencing judge is entitled to great deference on review." This Court is respectfully urged to find that Mr. Dicks does accept responsibility for his offense, and that his acceptance is demonstrated by his stipulations to essential elements of the offense, and by having his trial to assert and preserve legal issues pertaining to necessity.

    B.    <u>Prior Convictions Consolidated for Sentencing Are Related Cases</u>.

On March 10, 1993, Mr. Dicks was convicted and sentenced by Judge Joseph P. Farina in Case Number F92-007858, and Case Number F92-40810. [PSR ¶ 21 & 22]. Both cases were heard by the same judge, at the same time, and ordered to run concurrently with each other. Accordingly, they are related cases pursuant to U.S.S.G. § 4A1.2, Application Note 3:

> <u>Related Cases</u>. ...[P]rior sentences are considered related if they resulted from offenses that... (c) were consolidated for trial or sentencing.

U.S.S.G. § 4A1.2, Application Note 3.

If prior related sentences result from convictions of crimes of violence, then § 4A1.1(f) applies. <u>Id</u>. Section 4A1.1(f) adds one point for each prior sentence resulting from a conviction of a crime of violence that did not receive any points under (a), (b), or (c) because the sentence was related to another sentence resulting from a conviction of a crime of violence. Application Note 6

illustrates that 3 points accrue for the first prior sentence, and 1 additional point accrues for the related sentence.

When applied to the present case, Mr. Dicks should have a total of 7 criminal history points instead of 9 points as referenced in the Presentence report:

¶ 21: Aggravated Battery No. F92-007858 4A1.1(a) 3 points

¶ 22: Robbery, Use of Firearm No. F92-40810 Related Case pursuant to 4A1.2, App. Note 3.
4A1.1(f) 1 point (PSR

¶ 23: Trafficking in Cannabis, No. 00-16135CF10A 4A1.1(a) 3 points
Possession of Narcotics Equipment
Possession of Stolen or Fake ID

¶ 24 Should total 7 criminal history points instead of 9 points.

C.   A Downward Departure is Warranted.

1.   Lesser Harms, § 5K2.11.

The Sentencing Guidelines permit a downward departure when a defendant commits an offense in order to avoid a perceived greater harm. U.S.S.G. § 5K2.11. The Guideline cites mercy killing as an example of a case in which the circumstances "significantly diminish society's interest in punishing the conduct." Id. Likewise, Mr. Dicks illegally re-entered the United States to avoid a greater harm, his impending death in the face of ineffective medical treatment in Jamaica.. Although society currently has a heightened interest in punishing illegal immigration in certain contexts, there is a significantly *reduced* societal interest in punishing an act of self-preservation such as that of Mr. Dicks in this case. Instead of harsh punishment to punish and deter, there should be mitigated punishment to reflect our humanitarian values.

Violating a law to alleviate medical suffering is recognized, not only in the mercy killing context cited by the Guidelines, but also in the more commonly occurring context of depression. In United States v. Carvell, 74 F.3d 8, 9-12 (1st Cir. 1996), the Court of Appeals held that a sentencing court may consider a departure under § 5K2.11 for a defendant who grew marijuana to smoke as treatment for serious depression that legal medication had not helped. Society's drug laws are just as important as the immigration laws, yet the violation of drug laws can be mitigated by medical necessity. The principle is even more applicable in Mr. Dicks' case than in Carvell, because Mr. Dicks' medical condition was imminently life threatening and the medications he needed were far less available than marijuana.

While the Guidelines require a punishment for Mr. Dicks' offense, they permit a mitigated punishment for an offense committed to avoid a greater harm. The greater harm Mr. Dicks sought to avoid, and succeeded in avoiding is a compelling ground for a downward departure. Accordingly, a downward departure is warranted under the lesser harms doctrine. The Court should exercise its discretion to reflect society's humanitarian values in a case such as this.

2.   Imperfect Necessity.

The Sentencing Guidelines recognize that an imperfect or incomplete defense may justify a downward departure. Section 5K2.12 provides, "If the defendant committed the offense because of serious coercion, blackmail or duress, under circumstances not amounting to a complete defense, the court may decrease the sentence below the applicable guideline range." Imperfect entrapment has also been recognized as a basis for a downward departure. See United States v. Coleman, 188 F.3d 354, 358-59 & n. 3 (6th Cir.1999) (en banc) (improper government action is permissible basis for downward departure). The Second Circuit notes that "Some circuits have determined that "imperfect

6

entrapment," described as "aggressive encouragement of wrongdoing, although not amounting to a complete defense," is a proper ground for downward departure at sentencing pursuant to U.S.S.G. § 5K2.12," citing, United States v. Garza-Juarez, 992 F.2d 896, 912 (9th Cir.1993); and United States v. Osborne, 935 F.2d 32, 35 n. 3 (4th Cir.1991) (noting district court's authority to depart downwardly for outrageous government conduct). United States v. Bala, 236 F.3d 87, 91-92 (2nd Cir. 2000).

Similarly, a downward departure is warranted in a case of imperfect or incomplete necessity. Mr. Dicks' terminal illness is corroborated by medical records and has been verified in the Presentence Report. The necessity defense was precluded at trial based on the Court's ruling that Mr. Dicks did not exhaust reasonable alternatives before violating the law, and therefore, could not establish a complete defense. The Court can, however, mitigate the sentence based on the remaining elements of necessity that establish the advanced stage of Mr. Dicks' illness; his belief that death was imminent; and the causal connection between the harm he sought to avoid (death from a terminal illness) and the commission of the offense (coming to the United States to obtain medical treatment).

3. Cultural Assimilation.

The Eleventh Circuit recognizes a sentencing court's discretion to depart from the Guidelines based on cultural assimilation. In United States v. Sanchez-Valencia, 148 F.3d 1273 (11th Cir. 1998), the Court of Appeals affirmed a sentence denying a cultural assimilation departure where it was clear from the record "that the sentencing judge was aware of his authority to depart in light of United States v. Lipman, 133 F.3d 726 (9th Cir. 1998)." United States v. Sanchez-Valencia 148 F.3d at 1274.

A departure based on cultural assimilation is warranted in the present case. Mr. Dicks was brought here as a fourteen year old. He attended American schools and all of his meaningful family relationships are in the United States. His children are American citizens, and his mother, father, brothers, and sisters all reside in the United States. These facts are more compelling when seen in conjunction with Mr. Dicks' shortened life-expectancy. Mr. Dicks returned to the United expecting to die from his illness. While he had hopes of recovery, he also had expectations of dying. Choosing to do that in the United States with his family in his true home, although not his legal home, reflects the deepest level of cultural assimilation. These are unique circumstances that take Mr. Dicks' case outside the heartland of cases, and justify a downward departure.

  D. <u>The Sentence Should Be Concurrent With The State Sentence Mr. Dicks Is Presently Serving</u>.

Mr. Dicks is currently serving a five year prison term for a state offense. [PSR, ¶ 23].[1] The Sentencing Guidelines provide for concurrent or partially concurrent sentencing in a situation such as this, where a sentence is to be imposed on a defendant subject to an undischarged term of imprisonment. U.S.S.G. § 5G1.3. Subsection (b) provides:

> If... the undischarged term of imprisonment resulted from offense(s) that have been fully taken into account in the determination of the offense level for the instant offense, the sentence for the instant offense shall be imposed to run concurrently to the undischarged term of imprisonment.

U.S.S.G. § 5G1.3(b).

---

[1] Mr. Dicks was convicted of trafficking in cannabis, possession of narcotic equipment, and possession of stolen or fake identification. [PSR, ¶ 23].

The applicable Policy Statement says:

> In any other case, the sentence for the instant offense may be imposed to run concurrently, partially concurrently, or consecutively to the prior undischarged term of imprisonment to achieve a reasonable punishment for the instant offense.

U.S.S.G. § 5G1.3(c).

The instant offense has a base offense level of 8, and a 16 level enhancement for an aggravated felony conviction. [PSR, ¶ 11-12, U.S.S.G. § 2L1.2(b)(1)(A)(ii), a crime of violence]. The undischarged sentence Mr. Dicks is serving for trafficking in cannabis is an aggravated felony pursuant to § 2L1.2(b)(1)(A)(i).

The 16-level increase for an aggravated felony conviction increases the offense level from level 8 to level 24. The sentencing range is increased from 6-12 months to 77-96 months. These increases are based, at least in part, on the undischarged term of imprisonment, and as a result, are fully taken into account in determining the instant offense level. The Court can, therefore, order a sentence to run concurrent with the undischarged term pursuant to U.S.S.G. § 5G1.3(b).

Ordering a concurrent sentence is warranted in light of both, the Policy Statement calling for a "reasonable punishment," and the circumstances of this case. A concurrent sentence is reasonable because it ensures that Mr. Dicks serve a substantial time in custody, while at the same time, leaving a possibility that he will get out of prison before succumbing to his illness. Moreover, the conviction for the undischarged term elevates Mr. Dicks' criminal history score as well as his offense level. Relief from these escalations is warranted in this case, where Mr. Dicks is already serving a term of years in prison, where the conviction for that term is taken into account to enhance his offense level and criminal history score, and where Mr. Dicks has a shortened life expectancy.

## CONCLUSION

For the foregoing reasons, defendant Everald Dicks respectfully urges to the Court to grant defendant's requests to (a) apply a 2-level reduction to the offense level for acceptance of responsibility, (b) calculate 7 rather than 9 criminal history points; (c) to grant a downward departure based on lesser harms, imperfect necessity, and or cultural assimilation, and (d) to order that the sentence for the instant case be concurrent with Mr. Dicks' undischarged state term of imprisonment.

Respectfully submitted,

KATHLEEN M. WILLIAMS
FEDERAL PUBLIC DEFENDER

By: /s/ Neison M. Marks
Neison M. Marks
Assistant Federal Public Defender
Court Assigned No. A5500635
1 East Broward Boulevard
Suite 1100
Fort Lauderdale, Florida 33301
(954) 356-7436 ext. 126
(954) 356-7556 (fax)

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a true and correct copy of the foregoing was mailed on this __/__ day of August, 2002 to Scott Behnke, Esquire, United States Attorney's Office, 299 E. Broward Blvd., Fort Lauderdale, Florida 33301 and to Bonita Abrams, United States Probation Office, 299 E. Broward Blvd., Room 409, Fort Lauderdale, Florida 33301.

Neison M. Marks

S:\Marks\Dicks\Sentence1.mem.wpd