# United States Court of Appeals
Eleventh Circuit
56 Forsyth Street, N.W.
Atlanta, Georgia 30303

**Thomas K. Kahn**
Clerk

In Replying Give Number
Of Case And Names of Parties

August 21, 2003

Clarence Maddox
Clerk, U.S. District Court
299 E. Broward Blvd
Fort Lauderdale FL 33301

RE: 02-14835-HH     USA v. Everald Kevin Dicks
DC DKT NO.: 00-06147 CR-WDF

FILED BY
CLARENCE HADDOX
CLERK U.S. DIST. CT.
S.D. OF FLA-FTL
2003 AUG 25 AM 10:11
D.C.

The enclosed certified copy of the judgment and a copy of this court's opinion are hereby issued as the mandate of this court.

Also enclosed are the following:
    Original Exhibits, consisting of: one psi
    Original record on appeal or review, consisting of: six volumes

The district court clerk is requested to acknowledge receipt on the copy of this letter enclosed to the clerk.

A copy of this letter and the judgment form, but not a copy of the court's opinion or Rule 36-1 decision, is also being mailed to counsel and pro se parties. A copy of the court's opinion or Rule 36-1 decision was previously mailed to counsel and pro se parties on the date it was issued.

Sincerely,

THOMAS K. KAHN, Clerk

Reply To: James Delaney (404) 335-6113

Encl.

MDT-1 (8-2002)

# United States Court of Appeals
## For the Eleventh Circuit

No. 02-14835

District Court Docket No.
00-06147-CR-WDF

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
Jul 23, 2003
THOMAS K. KAHN
CLERK

UNITED STATES OF AMERICA,

    Plaintiff-Appellee,

versus

EVERALD KEVIN DICKS, a.k.a. Lascelles Alexander Hall,

    Defendant-Appellant.

Appeal from the United States District Court
for the Southern District of Florida

### JUDGMENT

It is hereby ordered, adjudged, and decreed that the attached opinion included herein by reference, is entered as the judgment of this Court.



ISSUED AS MANDATE
AUG 2 1 2003
U.S. COURT OF APPEALS
ATLANTA, GA.

Entered: July 23, 2003
For the Court: Thomas K. Kahn, Clerk
By: Gilman, Nancy

U.S. v. DICKS     3216

UNITED STATES of America,
Plaintiff–Appellee,

v.

Everald Kevin DICKS, a.k.a. Lascelles Alexander Hall, Defendant–Appellant.

No. 02-14835.

United States Court of Appeals,
Eleventh Circuit.

July 23, 2003.

Defendant was convicted, in the United States District Court for the Southern District of Florida, No. 00-06147-CR-WDF, William P. Dimitrouleas, J., of illegal reentry, following deportation, and he appealed. The Court of Appeals held that defendant failed to establish necessity defense.

Affirmed.

1. Criminal Law ⚖38

Defense of necessity or justification is affirmative defense to some criminal statutes, and, if available, defendant bears burden of proving it by preponderance of evidence.

2. Criminal Law ⚖1139

District court's determination as to whether defendant has set forth sufficient proffer to permit defense of necessity is reviewed *de novo*.

3. Criminal Law ⚖38

Defendant charged with unlawful reentry after being deported failed to establish necessity defense, though he claimed to have reentered in order to receive treatment for acquired immune deficiency syndrome (AIDS), since he failed to show that he had no viable and reasonable legal alternatives; defendant could have petitioned Attorney General for temporary admission on basis of his dire medical condition. Immigration and Nationality Act, § 276(a)(2)(A), 8 U.S.C.A. § 1326(a)(2)(A).

4. Criminal Law ⚖1137(2)

Defendant who invites error may not cite that error as basis for reversal on appeal.

---

Appeal from the United States District Court for the Southern District of Florida.

Before BLACK, CARNES and WILSON, Circuit Judges.

PER CURIAM:

Appellant Everald Kevin Dicks appeals his conviction and 63–month sentence for illegally re-entering the United States after having been previously deported, in violation of 8 U.S.C. § 1326(a), (b)(2). At trial, Appellant sought to argue the defense of necessity, also known as justification. Appellant, who suffers from the AIDS virus, claimed he was receiving ineffective treatment for AIDS in Jamaica and, because he was "near dead at the time," he illegally re-entered the United States in order to receive effective, experimental AIDS treatment at the Harlem Medical Center in New York. The district court pointed out that Appellant did not make an application for re-entry under his true name with the Attorney General. Since Appellant did not "try to find a legal alternative to his predicament," the district court denied Appellant's request to argue the defense of necessity.

Synopsis, Headnotes and Key Number Classification
COPYRIGHT © 2003 by West, a Thomson business

The Synopsis, Headnotes and Key Number Classification constitute no part of the opinion of the court.

**3217**  U.S. v. DICKS

[1, 2] The defense of necessity or justification is an affirmative defense to some criminal statutes, and, if available, the defendant bears the burden of proving it by a preponderance of the evidence. *United States v. Deleveaux*, 205 F.3d 1292, 1296 (11th Cir. 2000). We review *de novo* a district court's determination whether a defendant has set forth a sufficient proffer to permit the defense of necessity. *See United States v. Bell*, 214 F.3d 1299, 1300 (11th Cir.2000); *United States v. Thompson*, 25 F.3d 1558, 1563 (11th Cir.1994).

[3] The district court relied on a factually similar Ninth Circuit case in which the defendant, who was suffering from AIDS, asserted the defense of necessity to charges of illegal re-entry under 8 U.S.C. § 1326. *United States v. Arellano-Rivera*, 244 F.3d 1119, 1125 (9th Cir.2001). The Ninth Circuit upheld the district court's conclusion that the defendant's proffer was insufficient to establish all the elements of the defense. *Id.* at 1126. The defendant in *Arellano-Rivera* "failed to avail himself of a viable legal alternative," because he "could have petitioned the Attorney General for temporary admission into the United States on the basis of his dire medical condition." *Id.* The Ninth Circuit noted that the defendant's speculation, however likely, that the Attorney General would not allow him to reenter the United States in no way negates the application process as a viable legal alternative. *Id.*

Similarly, in the present case, the district court concluded that Appellant could have, but did not, petition the Attorney General for temporary admission into the United States. Indeed the statute under which Appellant was convicted states that an alien previously removed may not reenter the United States unless, among other things, "the Attorney General has expressly consented to such alien's reapplying for admission." 8 U.S.C. § 1326(a)(2)(A). Since Appellant did not avail himself of this viable legal alternative, the district court concluded Appellant was not entitled to argue the defense of necessity.

Appellant argues this ruling was a misapplication of Eleventh Circuit precedent regarding the necessity or justification defense. Although the Eleventh Circuit has not addressed necessity or justification in the context of illegal re-entry, we have addressed this defense in the context of a felon in possession of a firearm under 18 U.S.C. § 922(g)(1). *See Deleveaux*, 205 F.3d at 1296–1301. In *Deleveaux*, the Eleventh Circuit held that justification is an available defense to 18 U.S.C. § 922(g)(1), but only in "extraordinary circumstances." *Id.* at 1297. In the context of § 922(g)(1), a defendant must show, among other things, "that the defendant had no reasonable legal alternative to violating the law." *Id.*[1] Appellant argues that, given his life-threatening condition, petitioning the Attorney General was not a "*reasonable* legal alternative," and that the determination of whether his legal alternatives were reasonable was a factual question for the jury to decide. Given the factual circumstances of this case, we disagree.

Assuming without deciding that necessity or justification is an available defense to ille-

---

1. The *Deleveaux* court found a defendant must show these four elements to establish the necessity defense in the § 922(g)(1) context: "(1) that the defendant was under unlawful and present, imminent, and impending threat of death or serious bodily injury; (2) that the defendant did not negligently or recklessly place himself in a situa- tion where he would be forced to engage in criminal conduct; (3) that the defendant had no reasonable legal alternative to violating the law; and (4) that there was a direct causal relationship between the criminal action and the avoidance of the threatened harm." 205 F.3d at 1297.

**U.S. v. DICKS** 3218

gal re-entry under 8 U.S.C. § 1326, we agree with the district court that the facts, as proffered by Appellant, do not establish a justification defense. In general, petitioning the Attorney General for re-entry is a viable and reasonable legal alternative to illegal re-entry. Appellant bears the burden of proving the defense of necessity, and he did not proffer sufficient evidence to suggest that the application process was not a viable or reasonable legal alternative.[2]

[4] Additionally, under the invited error doctrine, Appellant cannot claim that he suffered prejudice as a result of the jury knowing that he had AIDS, because it was Appellant's trial attorney who let the jury know that Appellant suffered from AIDS. A defendant who invites error may not cite that error as a basis for reversal on appeal. *Leverett v. Spears*, 877 F.2d 921, 924 (11th Cir. 1989).

AFFIRMED.

2. We do not imply that if Appellant had petitioned the Attorney General and been denied re-entry, he would have a cognizable defense to unlawful entry. Since Appellant did not avail himself of his reasonable legal alternatives, we have no occasion to decide whether the defense of necessity or justification is generally available to illegal re-entry or whether Appellant has met the other elements of the defense.

A True Copy - Attested:
Clerk, U.S. Court of Appeals
Eleventh Circuit

By: _____
Deputy Clerk
Atlanta, Georgia