*i s s*

# United States Court of Appeals
Eleventh Circuit
56 Forsyth Street, N.W.
Atlanta, Georgia 30303

**Thomas K. Kahn**
Clerk

In Replying Give Number
Of Case And Names of Parties

March 25, 2004



Clarence Maddox
Clerk, U.S. District Court
299 E. Broward Blvd
Fort Lauderdale FL 33301

RE: 03-14911-CC      USA v. Everald Kevin Dicks
DC DKT NO.:  00-06147 CR-WPD

The enclosed certified copy of the judgment and a copy of this court's opinion are hereby issued as the mandate of this court.

Also enclosed are the following:
   Original Exhibits, consisting of: one psi
   Original record on appeal or review, consisting of: six volumes

The district court clerk is requested to acknowledge receipt on the copy of this letter enclosed to the clerk.

A copy of this letter, and the judgment form if noted above, but not a copy of the court's decision, is also being mailed to counsel and pro se parties. A copy of the court's decision was previously mailed to counsel and pro se parties on the date it was issued.

Sincerely,

THOMAS K. KAHN, Clerk

Reply To: James O. Delaney (404) 335-6113

Encl.

MDT-1 (12-2003)

# United States Court of Appeals
For the Eleventh Circuit

No. 03-14911

District Court Docket No.
00-06147-CR-WPD



FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT

Feb 25, 2004

THOMAS K. KAHN
CLERK

UNITED STATES OF AMERICA,

    Plaintiff-Appellee,

versus

EVERALD KEVIN DICKS,
a.k.a. Lascelles Alexander Hall,

    Defendant-Appellant,

------------------------------------------------------------

Appeal from the United States District Court
for the Southern District of Florida

------------------------------------------------------------

## JUDGMENT

It is hereby ordered, adjudged, and decreed that the attached opinion included herein by reference, is entered as the judgment of this Court.



Entered:    February 25, 2004
For the Court:    Thomas K. Kahn, Clerk
By:    Jackson, Jarvis

[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
FEB 2 5 2004
THOMAS K. KAHN
CLERK

No. 03-14911
Non-Argument Calendar

D. C. Docket No. 00-06147-CR-WPD

FILED by _____ D.C.
MAR 2 9 2004
CLARENCE MADDOX
CLERK U.S. DIST. CT.
S.D. OF FLA. FT. LAUD.

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

EVERALD KEVIN DICKS,
a.k.a. Lascelles Alexander Hall,

Defendant-Appellant.

Appeal from the United States District Court
for the Southern District of Florida

(February 25, 2004)

Before BIRCH, DUBINA and BLACK, Circuit Judges.

PER CURIAM:

Everald Kevin Dicks appeals the district court's order denying his motion to correct an illegal sentence pursuant to Federal Rule of Criminal Procedure 35. Dicks maintains the district court had authority to reduce his sentence under Rule 35.[1] The district court lacked jurisdiction to reduce Dicks' sentence. We affirm.

Whether the district court had jurisdiction under Rule 35 to resentence Dicks is a legal question subject to de novo review. *United States v. Diaz-Clark*, 292 F.3d 1310, 1315 (11th Cir. 2002).

Rule 35(a) provides: "Within 7 days after sentencing, the court may correct a sentence that was imposed as a result of arithmetical, technical, or other clear error." Fed. R. Crim. P. 35(a).[2] Once the 7-day window has passed, the court may not alter a sentence unless the government files a motion for a substantial assistance departure under Rule 35(b).

Dicks' arguments that his motion was not subject to Rule 35's jurisdictional limits are meritless. To the extent Dicks relied on Rule 35(a) to reduce his sentence, his motion is untimely. *See United States v. Morrison*, 204 F.3d 1091,

---

[1] Although Dicks' Rule 35 motion failed to specify which prong he was relying on to bring the motion, it appears he is asserting that the district court had jurisdiction to consider his motion under Rule 35(b), for substantial assistance to the government, because his Rule 35 motion was akin to a motion for downward departure.

[2] Rule 35 was amended in 2002 as part of the general restyling and revision of the Federal Rules of Criminal Procedure. *See* Fed. R. Crim. P. 35 advisory committee's note (2002 amendments). Under the 2002 amendments, former Rule 35(c) is now Rule 35(a). *Id.*

2

1094 (11th Cir. 2000) (holding that district court loses jurisdiction to correct a sentence under Rule 35(a) once the 7-day period has run). Dicks' sentencing hearing was held on August 29, 2002. His Rule 35 motion was filed a year later on August 29, 2003—well after the 7-day window under Rule 35(a) had closed. Therefore, the district court lacked jurisdiction to grant the motion under Rule 35(a).

Nor did the court have jurisdiction under Rule 35(b). That section requires the Government file a motion for resentencing based on substantial assistance. Fed. R. Crim. P. 35(b); *see also Wade v. United States*, 112 S. Ct. 1840, 1843–44 (1992) (holding that district courts may not reduce a sentence based upon the defendant's substantial assistance to the government absent a government motion, unless the court finds the government's refusal to file the motion is based on unconstitutional motive or is not rationally related to any legitimate governmental purpose). The Government did not file such a motion in this case.

Because Dicks' Rule 35 motion was not filed within 7 days of the imposition of the sentence, and the Government did not file a Rule 35(b) motion to reduce sentence, the district court lacked jurisdiction to consider Dicks' Rule 35 motion.

AFFIRMED.

*A True Copy - Attested*
*Clerk U.S. Court of Appeals,*
*Eleventh Circuit*
*By: [signature]*
*Deputy Clerk*
*Atlanta, Georgia*