UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

EVERALD KEVIN DICKS,

    Movant,

VS.

UNITED STATES OF AMERICA,

    Respondent.

_____/

CASE NO.  04-61133-CIV-DIMITROULEAS
(00-6147-CR-DIMITROULEAS)



FILED by _____ D.C.

NOV 1 2 2004

CLARENCE MADDOX
CLERK U.S. DIST. CT.
S.D. OF FLA. FT. LAUD.

## FINAL JUDGMENT AND ORDER DENYING MOTION TO VACATE

THIS CAUSE is before the Court on Movant (Dicks) August 24, 2004 Motion to Vacate

[DE-1], and the Court having considered the Government's November 1, 2004 Response [DE-

10], having received testimony at an evidentiary hearing held on November 10, 2004 from

Movant and Neisen Marks, having argument of counsel and considered exhibits in evidence,

having determined credibility of witnesses, having presided over the trial of this cause, and

having reviewed the Pre-Sentence Investigation Report (PSIR), finds as follows:

    1.  On June 1, 2000, Dicks was indicted and charged with illegal reentry after deportation.

[CR-DE-1].

    2.  The case was set for trial on March 22, 2002. [CR-DE-22].  At Dicks' request the trial

was continued to a calendar call of May 28, 2004. [CR-DE-30].  ON May 30, 2002, another

motion to continue was denied. [CR-DE-33].

    3.  On June 20, 2002, Dicks was found guilty. [CR-DE-40].

    4.  On August 30, 2002, Dicks was sentenced to 63 months in prison. [CR-DE-51].

1



5. On July 23, 2003, the Eleventh Circuit Court of Appeal affirmed. [CR-DE-65]. U.S. v. Dicks, 338 F. 3d 1256 (11th Cir. 2003). On February 23, 2004 certiorari was denied. Dicks v. U.S., 124 S. Ct. 1462 (2004).

6. On August 28, 2003, Dicks filed a Petition For Reconsideration of Sentence. [CR-DE-66]. On September 9, 2003, this Court denied the Petition. [CR-DE-70]. On February 25, 2004, the Eleventh Circuit affirmed. [CR-DE-80]. U.S. v. Dicks, 99 Fed. Appx. 882 (11th Cir. 2004).

7. In this timely Motion to Vacate, Dicks complains that his counsel was ineffective at trial, sentencing and on appeal. He also complains that this court forced him to trial with unprepared counsel. He also complains that he was not allowed to make his own closing argument before the jury.[1]

8. Counsel, Franz Parke, was appointed to represent Dicks at an evidentiary hearing. At that hearing, counsel ore tenus complained about the Court's factually enhancing Dick's sentence based upon convictions not charged in the indictment. The Court denied this newest complaint procedurally and substantively. See Almendarz-Torres v. U.S., 118 S. Ct. 1219 (1998); In re: Dean, 375 F. 3d 1287 (11th Cir. 2004).

9. Here, the Court easily concludes that Neison Marks provided excellent representation for Dicks.[2] Erroneous advice about the sentencing guidelines can constitute ineffective assistance of counsel. U.S. v. Grammas, 376 F. 3d 433, 437 (5th Cir. 2004). Here, Marks

---

[1]Neither Mr. Parke, hearing counsel, nor the movant addressed this issue at the evidentiary. Even if the issue has not been waived, it has no merit. U.S. v. Young, 287 F. 3d 1352, 1354 (11th Cir.) cert. denied, 123 S. Ct. 581 (2002). Moreover, no ineffectiveness of appellate counsel has been argued or shown.

[2]The letters that Marks wrote to Dicks were extremely professional and accurate. They reflect the work of a dedicated public servant who does not deserve this ungrateful client.

accurately predicted the Guidelines range that Probation eventually recommended in the PSIR:

77-96 months. He accurately predicted that Dicks would score out at a Criminal History

Category IV. He preserved the issue of "necessity" for appeal. He recommended that Dicks

plead guilty; Dicks decided to go to trial. That was his decision. Smith v. U.S., 348 F. 3d 545,

552 (6th Cir. 2003). In any event, no prejudice occurred to Dicks because he went to trial. U.S.

v. Ridgeway, 321 F. 3d 512, 515 (5th Cir. 2003). He received the same sentence that he would

have faced on a plea, with the jury waiting outside.[3]

10. Generally, Dicks' complaints about Marks center on his inability to prevail on

untenable issues:

> A. The Eleventh Circuit affirmed the denial of the "necessity" defense.
>
> B. His fraudulent entry into the United States, under the name Hall can hardly constitute the defense of the Attorney General's consenting to entry.
>
> C. His prior convictions were properly scored. U.S.S.G. § 4A1.2(a)(2) n.3 and § 4A1.2(l); U.S. v. Hunter, 323 F. 3d 1314, 1323 (11th Cir. 2003); U.S. v. Brewer, 191 F. 3d 448 (4th Cir. 1999).
>
> D. The Government had no intention of offering a Fast Track Plea. Dicks should have gotten himself arrested in Arizona if he wanted an opportunity for a plea bargain. There is no constitutional right to a plea bargain. Nunes v. Mueller, 350 F. 3d 1045, 1052 (9th Cir. 2003), cert. filed (April 16, 2004).

11. Dicks got his day in court. He lost because he was guilty. He tried to blame his

crime on a medical condition; he failed. He tried to blame his predicament on his lawyer; he

failed. The only conclusion that is inescapable from the evidentiary hearing is that this court

erred both in granting Dicks an evidentiary hearing on his frivolous motion and in awarding

---

[3]This assumes the Court would have denied the third point for acceptance of responsibility, which is highly likely (now, under the Protect Act, the third point can only be given upon motion of the Government.)

Dicks credit for acceptance of responsibility, after his trial.

Wherefore, Dicks' Motion to Vacate [DE-1] is Denied.

The Clerk shall deny any pending motions as moot.  The Clerk shall close this case.

DONE AND ORDERED in Chambers at Fort Lauderdale, Broward County, Florida, this

12 day of November, 2004.


WILLIAM P. DIMITROULEAS
United States District Judge


Copies furnished to:

Franz Parke, Esquire
Scott Behnke, AUSA

4